**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.1:12CR0508** |
| | ) | **1:15CV2337** |
| | ) | |
| Plaintiff-Respondent, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DERRICK PORTER,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant-Petitioner. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #26), claiming that his sentence must be vacated under *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 2473450 (June 26, 2015). The Federal Public Defender filed a Notice of Appearance. (ECF#28). Plaintiff-Respondent filed a Response in Opposition to Defendant's Motion and Motion to Deny the Appointment of the Federal Defender (ECF#30). Petitioner-Defendant filed a Reply to Government's Response to Defendant's Motion to Vacate. (ECF #31). Respondent filed Government's Surreply in Opposition to the Office of the

1

Federal Public Defender's Reply. (ECF#33).

On October 23, 2012, Petitioner was charged in a single-count Indictment with being a Felon in Possession of a Firearm and Ammunition. The Indictment charged that he had previous felony convictions for Drug Trafficking and for Aggravated Robbery with a Firearm Specification. Petitioner pleaded guilty to the Indictment as charged, on March 6, 2013. The Presentence Report indicated that his Base Offense Level was 24, under U.S.S.G § 2K2.1(a)(2). Petitioner's Total Adjusted Offense Level was 21. There were no Chapter 4 enhancements and Petitioner was not sentenced under the Armed Career Criminal Act. On June 28, 2013, the Court sentenced Petitioner to eighty-six months of incarceration.

Petitioner argues that retroactive application of a new constitutional rule applies to his case, citing the Supreme Court's recent holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause definition of "violent felony" in the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)(2)(B)(ii)) (hereinafter "ACCA") as unconstitutionally vague. After *Johnson*, the statutorily mandated minimum fifteen year sentence imposed by the ACCA may no longer rely upon convictions defined as violent felonies under the residual clause. Petitioner claims that his prior convictions for Ohio Aggravated Robbery, under Ohio Revised Code 2911.11(a)(1), is no longer a "violent felony" Offense Level enhancement under the Felon in Possession Guideline, specifically Section 2K2.1(a)(1)-(4), because the shared language between the ACCA's "violent felony" language in the residual clause and the Felon in Possession Guideline was held to be unconstitutionally vague in *Johnson*.

Respondent asserts that *Johnson* does not apply retroactively to the U.S.

Sentencing Guidelines because it creates procedural rather than substantive changes in the sentencing process. Respondent asserts that "Guidelines defendants" are defendants that were sentenced without any statutory enhancements, like the ACCA, that imposed or raised a minimum sentence or increased the maximum sentence allowed by law.

Petitioner received a sentence below the maximum ten years allowed by 18 U.S.C. § 922(g)(1), and thus is a "Guidelines defendant." Therefore, the holding in *Johnson* does not apply to Petitioner's case and has no effect on the validity of his sentence. Petitioner was properly sentenced under the guidelines and there is no basis for vacating and re-visiting his sentence.

Although the Court did not rule on the Government's Motion to deny the Federal Defender's appearance in this case, the Court did consider all the filings and the motion is now moot.

IT IS SO ORDERED.

March 23, 2016　　　　　　　　　　　s/Christopher A. Boyko
Date　　　　　　　　　　　　　　　　CHRISTOPHER A. BOYKO
　　　　　　　　　　　　　　　　　　United States District Judge